An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1058

Filed 15 July 2026

Wake County, No. 24CR242479-910

STATE OF NORTH CAROLINA

v.

SEAN KELLY JONES, Defendant.

Appeal by Defendant from judgment entered 6 May 2025 by Judge Vinston M. Rozier in Wake County Superior Court. Heard in the Court of Appeals 20 May 2026.

>*Attorney General Jeff Jackson, by Assistant Attorney General Kristin C. McCrary, for the State.*
>
>*Mary M. Reece for Defendant.*

GRIFFIN, Judge.

Defendant Sean Kelly Jones appeals from the trial court's judgment entered after he pled guilty to felonious secret peeping to capture a photographic image. Defendant contends the trial court erred: (1) by ordering Defendant to register as a sex offender where the evidentiary findings were insufficient to support the ultimate finding that he was a "danger to the community"; and (2) by finding that the offense of peeping set forth in N.C. Gen. Stat. § 14-202(d) involved the physical, mental, or

sexual abuse of a minor within the meaning of N.C. Gen. Stat. § 15A-1343(b2). We affirm the trial court's registration order and dismiss Defendant's second argument.

## I. Factual and Procedural Background

On 24 February 2024 at a clothing boutique, Defendant reached his arm into a dressing room with the intention of taking secret photos with his phone of the sixteen-year-old female inside. After being startled by Defendant's arm appearing over the top of her fitting room, M.B. ran out of the dressing room naked to find her mother in the store. Defendant told the responding officer at the scene: "I was taking photos of a girl in the dressing room. I deleted the photos already. I'm sorry. I have a problem."

On 6 May 2025, Defendant pled guilty. His active sentence was suspended for a period of twenty-four months of supervised probation. After Defendant's guilty plea, the trial court conducted a sex offender registration hearing, which all parties agreed to address contemporaneously with sentencing. The victim's father spoke during the State's presentation and told the trial court he believed Defendant put in effort and "actively sought out a sixteen-year-old minor to exploit" by "climbing up on a bench, extending his arm, [and] sticking his phone over the partition in the stall[.]" The victim's father claimed she "was once a carefree, easygoing teenager," but she is now "scared to go alone in places."

Although Defendant has no prior convictions, the State emphasized that Defendant is a recidivist as the present crime was not an "isolated instance."

Defendant was conditionally discharged in Maryland for a similar crime in 2017 after "he admitted to visual surveillance of a private place with prurient intent." Defendant was able to avoid a conviction for the Maryland crime by successfully completing requirements set forth by his Probation Before Judgment, including complying with court-ordered conditions, avoiding further criminal conduct, and attending therapy.

Defendant suggests these previous sessions did not get to the "root cause" of the issues. After the incident here, Defendant started therapy again. The therapy consisted of attending sex addiction group sessions, a month of intensive treatment at Triangle Springs, and meeting several times with different mental health professionals. One of the psychologists, Dr. Bixler, began working with Defendant in April 2024 and diagnosed Defendant with "Compulsive Sexual Behavior Disorder." Dr. Bixler could not "guarantee" Defendant would never reoffend but also opined his placement on the sex offender registry is "unnecessary."

Defendant asserted he understands the necessity of his participation in this therapy "to not have this happen again." When expressing his remorse, Defendant also discussed: (1) how his sex addiction had never been properly diagnosed or treated; (2) his commitment to recovery; and (3) the ramifications of placement on the sex offender registry for his family, including his two young children.

After considering the totality of the facts presented, the trial court determined, "based on the actions here, the prior history, even with the actions that [Defendant

took] and the efforts [he] made, there is still significant potential risk and danger to the community overall." The trial court signed a 615 Form on 6 May 2025—an official court document used to enter additional findings and orders related to sex offender registration—and found that the offense "did involve the physical, mental, or sexual abuse of a minor."

The trial court signed the judgment finding: (1) the offense is a reportable conviction under N.C. Gen. Stat. §14-208.6 and imposes special conditions of probation, and (2) the offense "involved the physical or mental abuse of a minor, and therefore imposes the special condition[] of probation[.]"

On 13 May 2025, Defendant filed and served his notice of appeal of the trial court's judgment, which included a conviction of Felony Secret Peeping and Registry on the Sex Offender Registry. Additionally, on 26 November 2025, Defendant filed a petition for writ of *certiorari* to allow review of the trial court's determination that the offense of Felony Secret Peeping as set forth in N.C. Gen. Stat. § 14-202(d) involved the physical, mental, or sexual abuse of a minor within the meaning of N.C. Gen. Stat. § 15A-1343(b2).

## II.  Analysis

**A. Sufficiency of the Trial Court's Findings**

Although a defendant who pleads guilty generally has limited appellate rights, sex offender registration proceedings are treated differently. This Court has held that such registration under Article 27A constitutes a "civil, non-punitive regulatory

regime" rather than criminal punishment. *State v. White*, 162 N.C. App. 183, 191, 590 S.E.2d 448, 454 (2004). Accordingly, appeals challenging a registration order are governed by civil procedures and are reviewable by this Court despite a defendant's guilty plea. N.C. Gen. Stat. § 7A-27(b) (2023); *see State v. Pell*, 211 N.C. App. 376, 379, 712 S.E.2d 189, 191 (2011).

Here, Defendant challenges the trial court's determination under N.C. Gen. Stat. § 14-202(l) that he "is a danger to the community" and must register as a sex offender. Because Defendant challenges the registration order itself, rather than a criminal judgment entered after his guilty plea, the limitations contained in N.C. Gen. Stat. § 15A-1444 do not bar appellate review. Defendant's appeal from the final registration order is properly before this Court.

N.C. Gen. Stat. § 14-202(d) explains that a person commits a Class I felony when they secretly peep into a room and use a device to photograph another individual for the purpose of sexual gratification. N.C. Gen. Stat. § 14-202(d) (2023). The sentencing court is mandated to determine whether the defendant "is a danger to the community" and if sex offender registration is necessary to further the purposes of Article 27A. N.C. Gen. Stat. § 14-202(l). Since N.C. Gen. Stat. § 14-202(l) is silent regarding the criteria and relevant period for determining if a defendant is a "danger to the community," it is the responsibility of the sentencing court to determine if the defendant currently constitutes a danger to the community. *State v. Fuller*, 376 N.C. 862, 867, 855 S.E.2d 260, 265 (2021).

This standard may be satisfied by the defendant demonstrating a "reasonable probability" of future recidivism based on his relevant past conduct. *Id.* at 868, 855 S.E.2d at 265. Notably, this determination does not rest on a singular fact or isolated predictive analysis. *Id.* at 868, 855 S.E.2d at 266. Instead, the trial court must reach its finding by weighing the cumulative evidence contained in the record. *Id.*

The trial court's determination of whether an individual "is a danger to the community" under N.C. Gen. Stat. § 14-202(l) is an ultimate fact. *Id.* at 864, 855 S.E.2d at 263 (citing *Woodard v. Mordecai*, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951)). This finding represents the "final resulting effect" reached through logical reasoning based on the evidentiary facts appearing on the record. *Id.* On appeal, a trial court's finding of an ultimate fact is conclusive if the evidentiary facts appearing on the record reasonably support that finding. *Id.* (citing *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 343, 218 S.E.2d 368, 372 (1975)). Only when there is no "rational connection" between the basic facts and the ultimate fact, or the evidentiary findings do not "adequately address" the legal conclusion(s), the ultimate fact is not binding on appeal. *State v. Geter*, 383 N.C. 484, 501, 881 S.E.2d 209, 220 (2022) (Earls, J. dissenting).

The trial court's finding of danger is supported by two factors identified in *Fuller*: (1) the defendant's ability and willingness to cause significant and lasting emotional harm to the victim; and (2) the ease with which the defendant could commit similar crimes again in the future. 376 N.C. at 869, 855 S.E.2d at 266. Here, the

evidence of a pattern based on the 2017 Maryland incident, coupled with Defendant's own admission to the officer at the scene that he had a problem, provided reasonable support for the court to determine a reasonable probability of recidivism exists. Defendant claims he was unaware the victim was a minor, but the record indicates his conduct caused lasting emotional harm based on the testimony of the victim's father, specifically by disrupting the victim's sense of safety in public spaces. The statement provided by the victim's father not only addressed the emotional impact on the minor victim but also detailed the blatant nature of the crime and the ease with which Defendant could reoffend.

However, Defendant contends the evidentiary findings were insufficient to establish that he constitutes a present or prospective danger to the community. Specifically, Defendant asserts the trial court erred by reaching its ultimate finding by relying exclusively on a 2017 Maryland incident. Defendant maintains the trial court failed to adequately consider mitigating factors appearing on the record, including his lack of stealth and sophistication, the specific nature of the privacy invasion, and his immediate, voluntary commitment to therapy.

Defendant emphasizes his voluntary commitment to therapy and other rehabilitative efforts, but this evidence does not prevent a trial court from reaching an ultimate finding of dangerousness if the weight of the evidence supports a contrary conclusion as mandated under N.C. Gen. Stat. § 14-202(l). Here, the record includes a 2017 incident in Maryland where Defendant admitted to "visual surveillance of a

private place with prurient intent," demonstrating a pattern of relevant past conduct. Notably, Defendant completed a therapeutic program as part of his Maryland discharge but repeated the behavior here.

We affirm the trial court's order requiring Defendant to register as a sex offender because the evidentiary findings adequately support the ultimate finding that Defendant "is a danger to the community" under N.C. Gen. Stat. § 14-202(l).

## B. Special Condition of Probation

Defendant also challenges a special condition of his probation resulting from his guilty plea. Defendant argues the trial court erred as a matter of law by finding the offense of peeping set forth in N.C. Gen. Stat. § 14-202(d) involved the physical, mental, or sexual abuse of a minor within the meaning of N.C. Gen. Stat. § 15A-1343(b2). Alternatively, if no appeal of right exists, Defendant petitions this Court to exercise its discretionary authority and issue a writ of certiorari to review the issue.

The right to appeal in a criminal proceeding is created by statute. N.C. Gen. Stat. § 15A-1444 (2025). When a defendant enters a plea of guilty in superior court, N.C. Gen. Stat. § 15A-1444(a2) strictly limits the grounds for appeal as a matter of right to three specific categories: (1) incorrect findings of prior record levels; (2) unauthorized sentence dispositions; or (3) unauthorized terms of imprisonment. Here, Defendant's challenge to a special condition of probation does not fall within any of these narrow statutory exceptions. Consequently, he "is not entitled to appellate review as a matter of right." N.C. Gen. Stat. § 15A-1444(e). This Court

confirmed this jurisdictional bar in *State v. Sale,* dismissing a similar challenge to a special condition of probation because such an issue is not listed in N.C. Gen. Stat. § 15A-1444(a2) and therefore does not confer a right to appeal. 232 N.C. App. 662, 665, 754 S.E.2d 474, 477 (2014).

In instances where no direct right of appeal exists, a defendant's sole remaining avenue for review is to petition for a writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). While this Court maintains jurisdiction to issue such writs "in aid of its own jurisdiction[,]" judicial precedent requires a petitioner to satisfy a two-factor test to demonstrate that review is appropriate. N.C. Gen. Stat. § 7A-32(c) (2025). First, the petitioner must show "merit or that error was probably committed below[,]" and, second, they must establish "extraordinary circumstances" justifying the writ, such as "substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *State v. Springs*, 292 N.C. App. 207, 213, 897 S.E.2d 30, 36 (2024) (citing *Cryan v. Nat'l Council of YMCA*, 384 N.C. 569, 572–73, 887 S.E.2d 848, 851 (2023)).

Defendant lacks a statutory right to appeal and has failed to demonstrate either probable error or extraordinary circumstances warranting discretionary review. Accordingly, we deny his writ of certiorari.

### III.    Conclusion

The trial court's ultimate finding that Defendant was a danger to the community was reasonably supported by the evidentiary findings in the record;

therefore, we affirm the registration order. Furthermore, Defendant has no statutory right to appeal the special conditions of his probation following a guilty plea, and we deny his writ of certiorari.

AFFIRMED.

Judges TYSON and ARROWOOD concur.

Report per Rule 30(e).